**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROMARIO VERMOND WALLER                                                                     PLAINTIFF
ADC #108263

v.                                              5:11-cv-00044-JMM-JJV

WENDY KELLEY, Assistant Director,
Arkansas Department of Correction; *et al.*                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Mr. Waller is an inmate at the Varner Supermax Unit (VSM) of the Arkansas Department of Correction (ADC). On February 28, 2011, he filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that his placement in the Supermax Incentive Level Program violates his constitutional rights. (Doc. No. 2). Defendants filed a Motion for Summary Judgment alleging they are entitled to summary judgment as a matter of law and Plaintiff has responded. (Doc. Nos. 24, 30).

## I.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986); *Janis v. Bresheuvel*, 428 F.3d 795, 798-99 (8th Cir. 2005). Although the evidence is viewed in a light most favorable to the nonmoving party, *Nooner v. Norris*, 594 F.3d 592, 600 (8th Cir. 2010), the nonmoving party has the burden of going beyond the pleadings and by affidavit or otherwise, producing specific facts that show that there is a genuine issue for trial. *Janis*, 428 F.3d at 799. A genuine issue of fact exists if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material when it might affect the outcome of the case.

*Rakes v. Life Investors Ins. Co. of Am.*, 582 F.3d 886, 894 (8th Cir. 2009).

**II.     UNDISPUTED FACTS**

On October 12, 2009, while an inmate in the East Arkansas Regional Unit (EARU), Mr. Waller stabbed a correctional officer in the chest with a piece of fence wire. (Doc. No. 26 ¶¶ 5-6). As a consequence of this assault, Mr. Waller was issued a Notice for Supermax Placement. (*Id.* ¶ 7). The EARU Classification Committee then recommended that he be placed in the Supermax Incentive Level Program. (*Id.* ¶ 9). Mr. Waller was informed of the committee's decision and was transferred from EARU to VSM on October 30, 2009. (*Id.* ¶¶ 10-11).

At VSM, Mr. Waller was temporarily housed in administrative segregation. (*Id.* ¶ 11). He appeared before the VSM Classification Committee on November 2, 2009 (*Id.* ¶ 13), and informed them that he had assaulted the officer because he lost his temper. (Doc. No. 26 ¶ 13). Two days later, the committee voted to assign him to the Supermax Incentive Level Program (*Id.* ¶ 15). He was given a copy of the VSM handbook and advised that he had fifteen days to appeal the decision. (*Id.*) During his November 10, 2009, appearance before the committee, Plaintiff was placed on "VSM Level 1." He stated that he had read the VSM handbook and that he did not have any questions. (*Id.*)

On September 14, 2010, Mr. Waller initiated a civil rights action pursuant to Ark. Code Ann. § 16-123-105. (Doc. Nos. 24-1, 26 ¶ 18). He asserted that his placement in the Supermax Incentive Level Program violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment and the Eighth Amendment's prohibition on cruel and unusual punishment.[1] (Doc. Nos. 24-1, 26 ¶ 22). He asked the circuit court to abolish the Supermax Incentive Level Program and to award him

---

[1] Plaintiff also asserted a gender discrimination claim. (Doc. Nos. 24-1, 26 ¶ 22.) He argued that only males are assigned to the Supermax Incentive Level Program and there is no comparable program for females. (Doc. No. 24-1).

3

$100 per day for each day he was assigned to the program. (Doc. Nos. 24-1, 26 ¶ 23).

On January 26, 2011, the circuit court dismissed Mr. Waller's case with prejudice (Doc. Nos. 24-2, 26 ¶ 24) and found he had failed to exhaust his administrative remedies and his complaint had failed to state a claim upon which relief could be granted. (Doc. No. 24-2). He appealed the decision to the Arkansas Supreme Court and it is currently pending. (Doc. Nos. 24-3, 26 ¶ 25.)

Mr. Waller filed the instant federal Complaint on February 28, 2011,[2] asserting that his placement in the Supermax Incentive Level Program[3] violates his First Amendment right to privacy, the equal protection and due process clauses of the Fourteenth Amendment, and the Eighth Amendment's prohibition on cruel and unusual punishment. (Doc. Nos. 2, 26 ¶ 33). His prayer for relief requests an order declaring that the Supermax Incentive Level Program violates both the United States Constitution and the Arkansas Constitution, and abolishing the Supermax Incentive Level Program. (Doc. No. 2). He also seeks an award of $100 per day for each day he was assigned to the Supermax Incentive Level Program . (*Id.*)

## III.    ANALYSIS

Defendants move for summary judgment, arguing that the doctrines of *res judicata* and collateral estoppel bar Plaintiff's present action. However, because Mr. Waller has a similar case pending before the Arkansas Supreme Court, the question is whether this Court must abstain from exercising its jurisdiction over the present matter, pursuant to the doctrine of abstention. Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). In *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185 (1959), the United States Supreme Court explained that:

---

[2] In the Complaint, Plaintiff names as Defendants Wendy Kelly, Larry May, and James Bank.

[3] Plaintiff refers to the Supermax Incentive Level Program as the "VSM Behavior Modification Psychotherapy Video Treatment Program." (Doc. Nos. 2, 26 ¶ 30.)

4

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

*Id.* at 188-89. The Supreme Court has articulated several abstention doctrines, one of which is the *Younger* doctrine. *Barzilay v. Barzilay*, 536 F.3d 844, 849 (8th Cir. 2008). It provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interest, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding. *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010).

After careful consideration of Mr. Waller's claims, the Court concludes that placement of an inmate in the Supermax Incentive Level Program is an important state interest. And since Ark. Code Ann. § 16-123-105[5] nearly mirrors 42 U.S.C. § 1983,[6] the Court also finds that Mr. Waller will

---

[5]Ark. Code Ann. § 16-123-105, provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of this state or any of its political subdivisions subjects, or causes to be subjected, any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Arkansas Constitution shall be liable to the party injured in an action in circuit court for legal and equitable relief or other proper redress.

Ark. Code Ann. § 16-123-105(a).

[6]42 U.S.C. § 1983, provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

have adequate opportunity to raise any relevant federal questions in the state proceeding. So this Court should abstain from hearing this case and Defendants' Motion for Summary Judgment (Doc. No. 24) should be DENIED without prejudice. This case should be administratively closed pending final disposition of Mr. Waller's state case, and may be reopened by his filing a motion to reopen the case after final disposition.

Mr. Waller has already filed a Response to the Motion for Summary Judgment (Doc. No. 30), so his Motion for Extension of Time to File a Response (Doc. No. 27) should be DENIED as moot. His Motion to Compel Discovery (Doc. No. 37) should also be DENIED. Defendants responded and stated they provided the requested information. (Doc. No. 38.) Finally, the Court has considered Plaintiff's Motion to Amend/Correct (Doc. No. 23) and Defendants' Response (Doc. No. 29). For the reasons stated above, Plaintiff's Motion to Amend/Correct should be DENIED.

IT IS, THEREFORE, RECOMMENDED that:

1. All pending motions (Doc. Nos. 23, 24, 27, 37) should be DENIED as set forth above.

2. This case should be administratively closed pending final disposition of Plaintiff's state case. At that time, Plaintiff may file a motion to reopen this case.

DATED this 24th day of April, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE